1
2
3
4

Michael R. Scott, WSBA #12822
Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745

THE HONORABLE EDWARD F. SHEA

5
6   UNITED STATES DISTRICT COURT
7   EASTERN DISTRICT OF WASHINGTON AT SPOKANE

8
9   CHARLES SCHMIDT,

10                        Plaintiff,

11        v.

12   SKINNYCORP, LLC,

13

14                        Defendant.

15

16

17

2:11-cv-00236-EFS

ANSWER AND DEFENSES TO
AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT;
TRADEMARK INFRINGEMENT;
VIOLATION OF THE LANHAM ACT;
VIOLATION OF THE WASHINGTON
CONSUMER PROTECTION ACT; AN
ACCOUNTING; DECLARATORY
JUDGMENT; AND
COUNTERCLAIMS

DEMAND FOR JURY TRIAL

18
19                        ANSWER
20

21        Defendant skinnyCorp., LLC ("skinnyCorp"), by its undersigned attorneys,

22   answers the Amended Complaint of Plaintiff Charles Schmidt ("Schmidt" or

23   "Plaintiff") as set forth below.  The Answer's paragraphs are numbered to

24   correspond to the numbered paragraphs of the Amended Complaint.  Except as

25

26

27   ANSWER TO AMENDED COMPLAINT and
28   COUNTERCLAIMS

expressly admitted below, skinnyCorp denies the allegations and characterizations in the Amended Complaint.

1.    skinnyCorp is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Amended Complaint and therefore denies the same.

2.    skinnyCorp admits that it is the parent company of Threadless Chicago, LLC and has a principal office located in Chicago, Illinois.  skinnyCorp admits that Threadless Chicago, LLC owns and operates a retail store called Threadless that is located in Chicago, Illinois.  skinnyCorp admits that it does business as Threadless and operates an interactive website located at threadless.com on which it advertises, promotes, and sells apparel for men, women, and children, and other merchandise throughout the United States and the world, including the Eastern District of Washington.  skinnyCorp admits that the Threadless retail store advertises, promotes, and sells some of the same merchandise offered for sale on the threadless.com website.  skinnyCorp otherwise denies the remaining allegations of Paragraph 2 of the Amended Complaint.

2

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

3.      skinnyCorp admits that the Amended Complaint purports to state a cause of action for copyright infringement, trademark infringement, violation of the Lanham Act, violation of the Washington Consumer Protection Act, and seeks an accounting, declaratory judgment, injunctive relief, and damages.  skinnyCorp denies that Plaintiff owns the copyright and trademark rights alleged in the Amended Complaint, denies that skinnyCorp has engaged in copyright or trademark infringement or violated the Copyright Act, Lanham Act, or Washington Consumer Protection Act, and denies that Plaintiff is entitled to any relief.

4.      skinnyCorp admits that subject matter jurisdiction is based on 17 U.S.C. § 501 and 28 U.S.C. §§ 1331,1332, and 1338(a), but denies that there is a basis for such claim.

5.      skinnyCorp admits that subject matter jurisdiction of Plaintiff's trademark infringement claims is based on 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338(a), but denies that there is a basis for such claim.

6.      skinnyCorp is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first two sentences

3

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

of Paragraph 6 of the Amended Complaint and therefore denies the same. skinnyCorp denies the remaining allegations contained in Paragraph 6 of the Amended Complaint.

7.    skinnyCorp denies the allegations contained in Paragraph 7 of the Amended Complaint.

8.    skinnyCorp admits that subject matter jurisdiction of Plaintiff's Lanham Act claim is based on 15 U.S.C. § 1121(a), but denies that there is a basis for such claim.

9.    skinnyCorp admits that jurisdiction of Plaintiff's state law claim is based on 28 U.S.C. § 1367(a), but denies that there is a basis for such claim.

10.    skinnyCorp denies that it has sold infringing items that are the subject of this action in Washington or elsewhere, but otherwise admits the remaining allegations contained in Paragraph 10 of the Amended Complaint.

11.    skinnyCorp admits that venue in this judicial district is based on 28 U.S.C. § 1391(a) and (c), and that it has transacted business in this District. skinnyCorp is without knowledge or information to sufficient form a belief as to

4

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

the truth or falsity of the remaining allegations contained in Paragraph 11 of the Amended Complaint and therefore denies the same.

12.    skinnyCorp is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Amended Complaint and therefore denies the same.  skinnyCorp denies that Plaintiff titled his video "Keyboard Cat" at any time prior to 2009, but admits that Plaintiff adopted the title "Keyboard Cat" after third parties adopted and used the title "Keyboard Cat" to refer to an excerpt of Plaintiff's video that was used, copied, displayed and/or distributed by third parties frequently on the Internet.

13.    skinnyCorp is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Amended Complaint and therefore denies the same.

14.    skinnyCorp denies that Plaintiff is the owner of the alleged mark "Keyboard Cat."  skinnyCorp is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 14 of the Amended Complaint and therefore denies the same.

5

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

15.    skinnyCorp is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 15 of the Amended Complaint and therefore denies the same. skinnyCorp admits the allegations contained in the second sentence of Paragraph 15 of the Amended Complaint.

16.    skinnyCorp is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Amended Complaint and therefore denies the same.

17.    skinnyCorp is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Amended Complaint and therefore denies the same.

18.    skinnyCorp is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Amended Complaint and therefore denies the same.

6

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

19.     skinnyCorp is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Amended Complaint and therefore denies the same.

20.     skinnyCorp is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Amended Complaint and therefore denies the same.

21.     skinnyCorp is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Amended Complaint and therefore denies the same.

22.     skinnyCorp is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Amended Complaint and therefore denies the same.

23.     skinnyCorp is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Amended Complaint and therefore denies the same.

7

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24.     skinnyCorp admits that it was informed via e-mail, on July 21, 2009, by Brad O'Farrell that he and "the guy who actually filmed and owned the cat" were approached by a tee-shirt company called Ripple Junction about making a Keyboard Cat shirt, and that Ripple Junction had a shirt made, which it sold to Hot Topic, which in turn offered it for sale on the Internet.  O'Farrell advised skinnyCorp that he "created Keyboard Cat" and that he "made the original video titled 'Play Him Off, Keyboard Cat.'"  O'Farrell further explained to skinnyCorp that he was told to "'do something' about Three Keyboard Cat Moon," but that the decision whether or not to "do something" about the shirt was "entirely up to me." O'Farrell explained to skinnyCorp:

But I'm not going to do anything because Three Keyboard Cat Moon is awesome and I wouldn't want to be The Most Hated Man On The Internet.  And also I'm pretty sure you guys have a pretty solid ground to stand on with it being a parody and stuff.  Also, the above paragraph wasn't a threat or anything I just wanted to fully explain my situation!  Threatless.

In this same e-mail, O'Farrell provided a link to the webpage where his and Schmidt's tee-shirt was offered for sale by Hot Topic and asked skinnyCorp to link to that webpage from "the Three Keyboard Cat Moon page."  A true and correct

8

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

copy of this e-mail is annexed hereto as <u>Exhibit A</u>.  On July 23, 2009, a representative of skinnyCorp replied to O'Farrell by e-mail explaining that the company would not link to the tee-shirt sold on Hot Topic.   *Id*.  To skinnyCorp's knowledge, O'Farrell did not reply to this e-mail.  skinnyCorp is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Amended Complaint and therefore denies the same.

25.     skinnyCorp is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Amended Complaint and therefore denies the same.

26.     skinnyCorp is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Amended Complaint and therefore denies the same.

27.     skinnyCorp is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Amended Complaint and therefore denies the same.

9

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

28.     skinnyCorp admits that in or around July 2009, it began manufacturing, distributing, advertising, promoting and offering for sale a tee-shirt on the interactive website threadless.com referred to as "Three Keyboard Cat Moon," and admits that it initially did so without authorization or license from Plaintiff, but denies that authorization or license from Plaintiff was necessary or required at any time.  skinnyCorp otherwise denies the remaining allegations contained in Paragraph 28 of the Amended Complaint.

29.     skinnyCorp admits that the tee-shirt it sold features a graphic created by Shawn Harris and Emilee Seymour, which portrays three orange and white cats wearing tee-shirts with the sleeves rolled up, in colors of purple, blue and yellow, and that each cat is depicted with its front paws placed over and/or on a keyboard, and the cats and pianos are set on top of a night time background of illustrated stars and the moon.  skinnyCorp admits that the inside of this tee-shirt features a screen print tag that displays an image of a cat and the moon as well as the phrase, "Three Keyboard Cat Moon," among other text, including skinnyCorp's THREADLESS trademark and threadless.com website address.  skinnyCorp admits that a copy of

10

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

what purports to be screen shots of a webpage on Plaintiff's website and a picture of the inside screen print label of the tee-shirt sold by skinnyCorp are attached to the Amended Complaint as Exhibit C.  skinnyCorp otherwise denies the remaining allegations contained in Paragraph 29 of the Amended Complaint.

      30.     skinnyCorp admits that Shawn Harris and/or Emilee Seymour stated as follows on their blog that is located on the threadless.com website:  "An homage to the two best things to spring from the loins of the www in some time.  If you're not familiar with Fatso (AKA Keyboard Cat) or amazon.com's bestseller '3 Wolf Moon', I suggest a google search, and loosening your spam protection.  We more or less played painter-dj with these bad larrys, and pulled a mash-up a la visual Danger Mouse" and "Oxen would like to thank the Mountain Men, Fatso and Charlie Schmidt, Brad O'Farrell, threadless, and all of the people scoring, commenting, and buying, for being part of this mad, mad group project with us."  skinnyCorp admits that this blog displays an image of a tee-shirt referred to as "3 Wolf Moon" and a still image of the asserted video that displays "charlieschmidt.com" on the bottom right hand corner.  skinnyCorp admits that

11

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

third parties who commented on this blog stated their belief that the tee-shirt referred to as "Three Keyboard Cat Moon" is a tribute to the keyboard cat and another tee-shirt design known as "Three Wolf Moon."  skinnyCorp admits that a copy of what purports to be screen shots of Shawn Harris and Emilee Seymour's blog and the Threadless user comments on the threadless.com website are attached to the Amended Complaint as Exhibit D.  skinnyCorp otherwise denies the remaining allegations contained in Paragraph 30 of the Amended Complaint.

31.     skinnyCorp admits the allegations contained in the first three sentences of Paragraph 31 of the Amended Complaint.  skinnyCorp further admits that a copy of what purports to be of screen shots from the threadless.com website are attached to the Amended Complaint as Exhibit E.

32.     skinnyCorp admits the allegations contained in the first sentence of Paragraph 32 of the Amended Complaint.  skinnyCorp admits that a copy of what purports to be a print out of a *Chicago Tribune* article is attached to the Amended Complaint as Exhibit F.

12

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

33.    skinnyCorp admits that, in or around May 2011, in conjunction with Griffin Technology, skinnyCorp began manufacturing, distributing, advertising, promoting and offering for sale an iPhone 4 case on the interactive website threadless.com referred to as "Three Keyboard Cat Moon" that features the same graphic as that portrayed on the tee-shirt referred to as "Three Keyboard Cat Moon."  skinnyCorp denies that it began manufacturing, distributing, advertising, promoting and offering for sale an iPhone 4 case on the interactive website threadless.com that features the same graphic as that portrayed on the tee-shirt referred to as "Three Keyboard Cat Moon" without authorization or license from Plaintiff, and denies that authorization or license from Plaintiff was necessary or required at any time.  skinnyCorp admits that a copy of what purports to be screen shots from the threadless.com website are attached to the Amended Complaint as Exhibit G.  skinnyCorp otherwise denies the remaining allegations contained in Paragraph 33 of the Amended Complaint.

34.    skinnyCorp is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the

13

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

Amended Complaint and therefore denies the same.  skinnyCorp denies that

Plaintiff's endorsement, support, sponsorship, approval, or authorization was

necessary or required at any time.

35.     skinnyCorp denies the allegations contained in Paragraph 35 of the

Amended Complaint.  skinnyCorp further denies that Plaintiff's authorization or

license was necessary at any time.

36.     skinnyCorp denies the allegations contained in Paragraph 36 of the

Amended Complaint.  skinnyCorp further denies that Plaintiff's endorsement,

support, sponsorship, approval, or authorization was necessary or required at any

time.

37.     skinnyCorp is without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations contained in Paragraph 37 of the

Amended Complaint and therefore denies the same.

38.     skinnyCorp admits that it received notices from individuals purporting

to represent Plaintiff and that skinnyCorp contended that it is entitled to use a

video posted on YouTube titled "Cool Cat" because Plaintiff abandoned his

14

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

copyright in such video.  skinnyCorp admits that copies of what purport to be letters and emails between such individuals purporting to represent Plaintiff and skinnyCorp are attached to the Amended Complaint as Exhibit I, but denies that Plaintiff has attached all such correspondence.  skinnyCorp otherwise denies the remaining allegations contained in Paragraph 38 of the Amended Complaint.

39.    skinnyCorp denies that it is "aware that Plaintiff owns the copyright in the Keyboard Cat Video and the trademark KEYBOARD CAT."  skinnyCorp admits that it advertises, promotes, and/or offers for sale an iPhone case that depicts the "Three Keyboard Cat Moon" design.  skinnyCorp otherwise denies the remaining allegations contained in Paragraph 39 of the Amended Complaint.

FIRST CLAIM FOR RELIEF
Copyright Infringement

40.    skinnyCorp's responsive pleadings to Paragraphs 1-39 of the Amended Complaint are incorporated herein by reference.

41.    skinnyCorp denies that Plaintiff is the owner of any copyrights in the so-called "Keyboard Cat Video" and denies that Registration No. PA 1-696-099 is valid.  skinnyCorp is without knowledge or information sufficient to form a belief

15

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

as to the truth or falsity of the remaining allegations contained in Paragraph 41 of

the Amended Complaint and therefore denies the same.

42.     skinnyCorp denies the allegations contained in Paragraph 42 of the

Amended Complaint.

43.      skinnyCorp denies the allegations contained in Paragraph 43 of the

Amended Complaint.

44.     skinnyCorp denies the allegations contained in Paragraph 44 of the

Amended Complaint.

45.     skinnyCorp denies the allegations contained in Paragraph 45 of the

Amended Complaint.

46.     skinnyCorp denies the allegations contained in Paragraph 46 of the

Amended Complaint.

47.     skinnyCorp admits that the Plaintiff purports to seek remedies

pursuant to 17 U.S.C. §§ 504(b); 502; and 503, but denies that Plaintiff is entitled

to any remedy.

16

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

## SECOND CLAIM FOR RELIEF
### Trademark Infringement under the Lanham Act

48.     skinnyCorp's responsive pleadings to Paragraphs 1-47 of the Amended Complaint are incorporated herein by reference.

49.     skinnyCorp denies the allegations contained in first sentence of Paragraph 49 of the Amended Complaint.  skinnyCorp is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 49 of the Amended Complaint and therefore denies the same.

50.     skinnyCorp denies the allegations contained in Paragraph 50 of the Amended Complaint.

51.     skinnyCorp denies the allegations contained in Paragraph 51 of the Amended Complaint.

52.     skinnyCorp denies the allegations contained in Paragraph 52 of the Amended Complaint.

53.     skinnyCorp denies the allegations contained in Paragraph 53 of the Amended Complaint.

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

54.    skinnyCorp admits that the Plaintiff purports to seek remedies pursuant to 15 U.S.C. § 1117(a); 15 U.S.C. § 1116; and 15 U.S.C. § 1118, but denies that Plaintiff is entitled to any remedy.

## THIRD CLAIM FOR RELIEF
### Violation of the Lanham Act, 15 USC § 1125(a)

55.    skinnyCorp's responsive pleadings to Paragraphs 1-54 of the Amended Complaint are incorporated herein by reference.

56.    skinnyCorp denies the allegations contained in Paragraph 56 of the Amended Complaint.

57.    skinnyCorp denies the allegations contained in Paragraph 57 of the Amended Complaint.

58.    skinnyCorp denies the allegations contained in Paragraph 58 of the Amended Complaint.

## FOURTH CLAIM FOR RELIEF
### Violation of the Washington Consumer Protection Act

59.    skinnyCorp's responsive pleadings to Paragraphs 1-58 of the Amended Complaint are incorporated herein by reference.

18

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

60.     skinnyCorp denies the allegations contained in Paragraph 60 of the Amended Complaint.

61.     skinnyCorp denies the allegations contained in Paragraph 61 of the Amended Complaint.

62.     skinnyCorp denies the allegations contained in Paragraph 62 of the Amended Complaint.

63.     skinnyCorp denies the allegations contained in Paragraph 63 of the Amended Complaint.

64.     skinnyCorp denies the allegations contained in Paragraph 64 of the Amended Complaint.

65.     skinnyCorp admits that the Plaintiff purports to claim entitlement to remedies, including injunctive relief, treble damages, interest, costs and reasonable attorneys' fees under the Washington Consumer Protection Act, RCW 19.86., but denies that Plaintiff is entitled to any remedy.

19

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

## FIFTH CLAIM FOR RELIEF
### Accounting

66.    skinnyCorp's responsive pleadings to Paragraphs 1-65 of the Amended Complaint are incorporated herein by reference.

67.     skinnyCorp denies the allegations contained in Paragraph 67 of the Amended Complaint.

68.    skinnyCorp denies the allegations contained in Paragraph 68 of the Amended Complaint.

69.    skinnyCorp denies the allegations contained in Paragraph 69 of the Amended Complaint, and specifically denies that Plaintiff is entitled to an accounting.

## SEVENTH CLAIM FOR RELIEF
### Declaratory Judgment

70.    skinnyCorp's responsive pleadings to Paragraphs 1-69 of the Amended Complaint are incorporated herein by reference.

71.    skinnyCorp admits that Plaintiff requests that this Court issue a declaratory judgment pursuant to 28 U.S.C. § 2201, et seq.

20

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

72.     skinnyCorp admits the allegations of Paragraph 72 of the Amended Complaint, but denies that Plaintiff did not surrender his copyright in the so-called "Keyboard Cat Video" and denies that Plaintiff did not have any intention to surrender his copyright in the so-called "Keyboard Cat Video."

73.     skinnyCorp is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Amended Complaint as they pertain to Plaintiff and therefore denies the same.  skinnyCorp admits the allegations in Paragraph 73 of the Amended Complaint as they pertain to skinnyCorp.

74.     Paragraph 74 of the Amended Complaint proffers a legal conclusion and thereby does not call for a response, and/ or constitutes an allegation of a nature that does not call for a response.  To the extent that the allegations in Paragraph 74 call for a response, skinnyCorp hereby denies them.

75.     skinnyCorp admits that is necessary and proper for this Court to adjudicate and declare whether Plaintiff owns a valid subsisting copyright in the

21

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

so-called "Keyboard Cat Video."   skinnyCorp denies that Plaintiff owns a valid

subsisting copyright in the so-called "Keyboard Cat Video."

76.     skinnyCorp admits that Plaintiff requests relief pursuant to 28 U.S.C.

§ 2201 et seq. but denies that Plaintiff is entitled to any relief.

<u>**RESPONSE TO PRAYER FOR RELIEF**</u>

In response to Plaintiff's Prayer For Relief, skinnyCorp denies that Plaintiff

is entitled to any relief whatsoever and requests that the Court enter judgment in

skinnyCorp's favor on all counts and award skinnyCorp its reasonable costs and

attorneys' fees and any further relief as the Court may deem appropriate.

<u>**SKINNYCORP'S DEFENSES**</u>

<u>FIRST DEFENSE</u>

skinnyCorp has not infringed upon any rights of Plaintiff and Plaintiff has

not sustained any injury or damage as a result of any act or conduct by skinnyCorp.

<u>SECOND DEFENSE</u>

Plaintiff does not own trademark rights in the term "Keyboard Cat" because

the term is merely descriptive of any product or service showing a cat and a

22

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

keyboard, and the term "Keyboard Cat" has not acquired distinctiveness to exclusively identify Plaintiff as the source of any product or service.

## THIRD DEFENSE

Plaintiff does not own trademark rights in the term "Keyboard Cat" because the term is generic of any product or service showing a cat playing a keyboard and the term "Keyboard Cat" and has been used in a generic manner by Plaintiff and third parties.

## FOURTH DEFENSE

To the extent Plaintiff ever had any trademark rights in the term "Keyboard Cat" Plaintiff has abandoned those rights as a result of widespread, unlicensed and/or uncontrolled third-party use.

## FIFTH DEFENSE

Plaintiff does not own the alleged mark "Keyboard Cat" because he is not the exclusive user of the term "Keyboard Cat" in interstate commerce.  Third parties have long used the term "Keyboard Cat" in connection with videos, and other goods and services and in fact, upon information and belief, such use began

23

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

1
2
3
4

before Plaintiff first adopted and began use of the term "Keyboard Cat."  The

alleged mark "Keyboard Cat" is not exclusively associated with Plaintiff or his

products and/or services.

5

<u>SIXTH DEFENSE</u>

6
7
8

There is no likelihood of confusion, and therefore, no valid claim for

trademark infringement or unfair competition.

9

<u>SEVENTH DEFENSE</u>

10
11
12
13
14
15
16
17
18
19
20

Plaintiff's asserted trademark registration for the purported mark "Keyboard

Cat" is invalid because Plaintiff's purported mark is not protectable, because

Plaintiff's purported mark has been abandoned to the extent Plaintiff ever had

rights in the purported mark, and because Plaintiff committed fraud on the United

States Patent and Trademark Office by declaring to the United States Patent and

Trademark Office he was the only person who had the right to use the term

"Keyboard Cat" when he knew that was not true.  *See* Paragraphs 78-96 of

skinnyCorp's Counterclaims, which are incorporated here by reference.

21
22
23
24
25
26
27
28

24

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EIGHTH DEFENSE

skinnyCorp's challenged use of the term "Three Keyboard Cat Moon" is use otherwise than as a trademark and used fairly and in good faith to describe the products that are sold by skinnyCorp, which depict three cats playing keyboards and a moon.

## NINTH DEFENSE

Plaintiff's copyright claim is barred because Plaintiff abandoned his copyright.

## TENTH DEFENSE

Plaintiff's asserted copyright registration is invalid because Plaintiff abandoned any copyright in the asserted audiovisual work prior to obtaining the asserted copyright registration, and he was (and still is) therefore not a valid copyright owner in the asserted audiovisual work and not a proper copyright claimant for purposes of procuring a federal copyright registration.  Plaintiff's knowing failure to advise the United States Copyright Office, in an application for copyright registration of the asserted audiovisual work, of material facts which

25

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

might have led to the rejection of a registration application constitutes grounds for holding the registration invalid and incapable of supporting an infringement action.

ELEVENTH DEFENSE

Plaintiff's asserted copyright is unenforceable.

TWELTH DEFENSE

skinnyCorp's portrayal of the "Three Keyboard Cat Moon" design  is a fair use.

THIRTEENTH DEFENSE

skinnyCorp's "Three Keyboard Cat Moon" design  is not substantially similar to Plaintiff's so-called "Keyboard Cat" audio-visual work.

FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches.

FIFTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of implied license, consent, estoppel, waiver, and/or acquiescence because Plaintiff , directly and/or through a representative or agent, engaged in conduct from which skinnyCorp properly

26

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

inferred that the alleged copyright owner and creator of "Play Him Off, Keyboard Cat" consented to skinnyCorp's use of the design referred to as "Three Keyboard Cat Moon." Schmidt's co-licensee of the Hot Topic tee-shirt, Brad O'Farrell, was aware that skinnyCorp offered the tee-shirt referred to as "Three Keyboard Cat Moon," and expressly stated to skinnyCorp that the decision whether or not to "do something" about "Three Keyboard Cat Moon" was "entirely up to" him, that he would not "do anything because Three Keyboard Cat Moon is awesome," that skinnyCorp has "a pretty solid ground to stand on with it being a parody," and that he was "Threatless." O'Farrell asked only that skinnyCorp link to the tee-shirt sold by Hot Topic "somewhere on the Three Keyboard Cat Moon page" on the threadless.com website, where the tee-shirt would continue to be offered for sale by skinnyCorp. Following O'Farrell's express consent to the "Three Keyboard Cat Moon" tee-shirt, Plaintiff did not object to the "Three Keyboard Cat Moon" shirt for well over a year, during which time skinnyCorp reasonably relied upon the prior express consent it had received to continue to sell the "Three Keyboard Cat Moon" design.

27

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

## SIXTEENTH DEFENSE

Plaintiff's claims are barred to the extent that he forfeited or abandoned his purported intellectual property.

## SEVENTEENTH DEFENSE

To the extent the Court finds infringement, such infringement was innocent.

skinnyCorp reserves its right to amend its Answer and Defenses with any further response or defense it may discover over the course of this litigation as further information is obtained.

WHEREFORE, skinnyCorp requests judgment as follows:

(a)     That the Amended Complaint be dismissed in its entirety with prejudice and judgment be entered in favor of skinnyCorp;

(b)     Award skinnyCorp its reasonable attorney's fees, costs and disbursements;

(c)     Award skinnyCorp such other and further relief the Court deems just, equitable, and proper.

28

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

1

## JURY DEMAND

2

   skinnyCorp respectfully demands trial by jury of all issues so triable in this

3

matter.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

## SKINNYCORP'S COUNTERCLAIMS

Defendant skinnyCorp., LLC ("skinnyCorp"), by its undersigned attorneys, asserts these Counterclaims against Plaintiff Charles Schmidt ("Schmidt" or "Plaintiff") as follows:

## NATURE OF THE ACTION

1.    skinnyCorp seeks declaratory judgments that Schmidt does not own the copyright or trademark rights alleged in the Amended Complaint and seeks an order cancelling Schmidt's ill-gotten federal trademark registration for the widely used term "Keyboard Cat."  Schmidt claims to own an exclusive copyright in a video and exclusive trademark rights in the term "Keyboard Cat," yet both this video and term are in widespread uncontrolled use by countless people.  The cat, so to speak, is out of the bag, as Schmidt has permitted, and indeed encouraged, hundreds if not thousands of people to copy his alleged proprietary video, to create derivative works that include this video, and to use the term "Keyboard Cat."  All of this activity occurs without any control exercised by Schmidt.  Schmidt does not possess the requisite intellectual property rights to prevent skinnyCorp from selling

30

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

the design it has been selling for over two years, under the name "Three Keyboard Cat Moon."

PARTIES

2.      Defendant and counterclaim-plaintiff skinnyCorp is a Delaware limited liability company with its principal place of business at 1260 W. Madison Street, Chicago, Illinois 60607.

3.      Upon information and belief, Schmidt is an individual residing in Spokane, Spokane County, in the state of Washington.

JURISDICTION AND VENUE

4.      skinnyCorp's  counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, 28 U.S.C. §§ 1331, 1332, and 1338, 15 U.S.C. § 1121, and 15 U.S.C.§ 1119 under which the Court may determine the right to a trademark registration and otherwise rectify the trademark register with respect to the registration of any party to the action.

31

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

5.     An actual controversy exists between Schmidt and skinnyCorp in that Schmidt has brought this suit alleging that skinnyCorp has infringed a copyright and trademark alleged to be owned by Schmidt.

6.     This Court has personal jurisdiction over Schmidt.

7.     Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(a) and (b).

## BACKGROUND
### The "Cool Cat" Audiovisual Work

8.     Schmidt purports to be the copyright owner of an audiovisual work that, upon information and belief, portrays Schmidt manipulating his cat's paws to make it appear like the cat is playing a keyboard.  Upon information and belief, Schmidt arranged to have what appeared to be his cat playing a keyboard recorded on videotape in or around 1986.  Upon information and belief, on or around June 7, 2007, Schmidt uploaded to YouTube a video of his cat appearing to play a keyboard.  Upon information and belief, Schmidt titled this video on YouTube "Charlie Schmidt's Cool Cat" and/or "Cool Cat" (hereinafter, the "Cool Cat video").

32

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

9.      Upon information and belief the Cool Cat video did not display the title "Keyboard Cat" when it was posted on YouTube on or around June 7, 2007.

10.     Upon information and belief, the Cool Cat video did not display a copyright notice attributing copyright ownership to Schmidt when it was posted on YouTube on or around June 7, 2007.

11.     Upon information and belief, the Cool Cat video sat in relative obscurity on YouTube for approximately two years after it initial upload on or around June 7, 2007.

<u>Brad O'Farrell's Adoption And Use Of The "Keyboard Cat" Designation</u>
<u>And His Launch Of The "Play Him Off, Keyboard Cat"</u>
<u>Internet Fad</u>

12.     Upon information and belief, in or around January or February 2009, an individual named Brad O'Farrell obtained Schmidt's permission to reuse the Cool Cat video.

13.     Upon information and belief, in or around February 2009, O'Farrell appended an excerpt of the Cool Cat video (hereinafter referred to as the "Cool Cat

33
ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

excerpt"), to a pre-existing "blooper" video, and thereby created a new "mashup" video, which O'Farrell titled "Play Him Off, Keyboard Cat."

14.    Upon information and belief, O'Farrell published the very first video titled "Play Him Off, Keyboard Cat" on YouTube on or around February 2, 2009.

15.    A "mashup" is defined as a combination of different works.  In this case, O'Farrell's mashup video titled "Play Him Off, Keyboard Cat" is a combination of two videos, namely, the Cool Cat excerpt and another pre-existing video in O'Farrell's possession that, upon information and belief, involved a wheelchair on an escalator.

16.    Upon information and belief, O'Farrell's use of the Cool Cat excerpt at the end of a blooper video was intended to "play" the person shown in the blooper video offstage after a mistake or gaffe.  The presence of the Cool Cat excerpt at the end of a blooper video has been compared to actors "getting the hook" as they were pulled offstage in the vaudeville era of theatre.

34

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

17.     Upon information and belief, O'Farrell conceived of, adopted, and first used the title "Play Him Off, Keyboard Cat."

18.     O'Farrell claims on his website, located at bradofarrell.com, that in 2009, he "made a video called Play Him Off Keyboard Cat."  Annexed hereto as Exhibit B is a true and correct copy of a webpage from O'Farrell's website located at www.bradofarrell.com.

19.     Upon information and belief, the term "Keyboard Cat" had not been used by Schmidt or anyone else to identify the Cool Cat video prior to O'Farrell's adoption and first use of the title "Play Him Off, Keyboard Cat."

20.     Upon information and belief, Schmidt did not conceive of the title "Play Him Off, Keyboard Cat."

21.     Upon information and belief, Schmidt was not the first person to use the title "Play Him Off, Keyboard Cat."

22.     On or around May 15, 2009, O'Farrell was interviewed by a reporter for the website RocketBoom.  The interview, which was recorded on video and can be seen on YouTube is titled, "Keyboard Cat: An interview with Brad O'Farrell."

35

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

In the interview, O'Farrell explains that "Play Him Off, Keyboard Cat" is a "fail" video and when someone "fails the cat will play the keyboard and it sort of highlights the absurdity of the video."  Annexed hereto as <u>Exhibit C</u> is a true and correct copy of a webpage where this interview may be viewed.

23.     Upon information and belief, in or around January or February 2009, O'Farrell requested that Schmidt allow anyone to use the Cool Cat video with or without permission so that the public could freely use the Cool Cat video to create derivative works, such as a mashup video like that created by O'Farrell.  Upon information and belief, Schmidt agreed to O'Farrell's request.

<u>Schmidt's Encouragement Of Third Party Use Of The Cool Cat Video Leads To Widespread Uncontrolled Use And Abandonment Of Schmidt's Copyright In The Cool Cat Video</u>

24.     Appending the Cool Cat excerpt to a blooper video became a widespread Internet fad adopted by thousands of individuals creating their own video mashups, with such videos usually titled "Play Him Off, Keyboard Cat" or a variant thereof.

36

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

25.    Such widespread third party use of the Cool Cat video, and/or of the Cool Cat excerpt is consistent with and is a result of Schmidt's agreement that any third party could use the Cool Cat video with or without Schmidt's permission.

26.    O'Farrell states on his website that "[i]n 2009 I made a video called Play Him Off Keyboard Cat that got parodied thousands of times."  *See* <u>Exhibit B.</u>

27.    On April 10, 2009, the website Urlesque.com published an article titled "Breaking: Play Him Off, Keyboard Cat Is Our New Obsession" in which O'Farrell is interviewed.  The article states that the "meme got its start from the following video uploaded by YouTuber and fellow Internetter, Brad O'Farrell." Annexed hereto as <u>Exhibit D</u> is a true and correct copy of this article from www.urlesque.com.

28.    In the May, 2009 interview with RocketBoom, O'Farrell stated that there were 900 different versions of the "Play Him Off, Keyboard Cat" video on the Internet.  *See* <u>Exhibit C</u>.

29.    On May 8, 2009, *Entertainment Weekly* published an article online titled "Play him off, Keyboard Cat! And other fun videos from the week that

37

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

was...."  The article states, "Ah, another good week of Internet videos.  My favorite — and it might be a reigning favorite for some time to come — was the dawn of DIY keyboard cat.  Now you can make any YouTube video part of the most excellent meme of 'play him off, keyboard cat.'  Here's the one I made."  The article, which displays the Cool Cat video, contains no notice attributing copyright or trademark ownership to Schmidt.  Annexed hereto as <u>Exhibit E</u> is a true and correct copy of this article from the popwatch.ew.com website.

30.     The phrase "DIY keyboard cat" (a/k/a/ do it yourself keyboard cat) in the *Entertainment Weekly* article links to a website located at http://bobsworthindustries.com/keyboardcat/ (the "DIY keyboard cat website").

31.     The DIY keyboard cat website provides an "Auto Keyboard Cat" video maker that enables any user to make their own mashup video with the Cool Cat excerpt.  This website boasts that Internet users can "[e]asily insert Keyboard Cat into any YouTube video with this groundbreaking new technology, giving Keyboard Cat the chance to play off an almost unlimited amount of situations."  The DIY keyboard cat website displays advertisements and indicates that it is

38

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

"[b]rought to you by Bobsworth Industries."  A true and correct screen capture of

the webpage located at http://bobsworthindustries.com/keyboardcat/ is shown

below and annexed hereto as Exhibit F is a true and correct copy of this webpage.



32.     Upon information and belief, the DIY keyboard cat website, is not

affiliated with or licensed by Schmidt.  The website contains no notice attributing

authorship, copyright ownership, or trademark ownership to Schmidt.

33.     On May 11, 2009, *Time* magazine published an online article titled

"Play Him Off, Keyboard Cat" (the "*Time* article").  The *Time* article displays a

still image of the Cool Cat video.  There is no notice attributing authorship or

39

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

ownership in the Cool Cat video to Schmidt.  The *Time* article states that

"[s]uddenly, keyboard cat started popping up all over YouTube.  People attached

the cat to the end of already popular videos…  Someone even started a website that

would attach the keyboard cat to a video of one's choosing.  The musical feline

had become a star… People made requests and submitted their own mash-ups.

Play Him Off, Keyboard Cat is barely a month old, but it already has over 30

videos and gets about 20,000 hits a day."  Annexed hereto as <u>Exhibit G</u> is a true

and correct copy of this article.

34.    On May 15, 2009, *The Los Angeles Times* published an article about

O'Farrell titled, "Social Status: The guy who spread Keyboard Cat fever."  The

article explains the origin of keyboard cat as follows:

> [i]t wasn't until Brad O'Farrell, a 22-year-old from New York City, grafted
> an abbreviated version of the cat video onto the end of a distressing clip of a
> person in a wheelchair tumbling down an escalator that the meme really
> began to catch on.  The meme got its start in February, when O'Farrell saw
> the potential in Keyboard Cat, and asked Schmidt for permission to use the
> clip.  O'Farrell did a quick mashup and slapped ads on his video, called "Play
> him off, keyboard cat."  It has made about $500 -- his highest-grossing
> video, he said in an instant message.  The majority of that has been racked
> up only in the last few weeks. Not bad for a 44-second clip.  Since then,
> Keyboard Cat has been mashed up more than 200 times, and received an

40

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

endorsement from Ashton Kutcher, which was broadcast to more than 1 million people via Twitter.

Annexed hereto as <u>Exhibit H</u> is a true and correct copy of this article.

35.    On May 16, 2009 *The Guardian* published an article online titled "Internet review: Play Him Off, Keyboard Cat." The article states that the Cool Cat excerpt has "been appended to countless blooper videos, as if to 'play' the hapless fools offstage after their guffaws." The article does not attribute authorship or ownership of the Cool Cat video to Schmidt. Annexed hereto as <u>Exhibit I</u> is a true and correct copy of this article.

36.    On May 18, 2009, the Cool Cat excerpt was shown on the television show *The Daily Show*. Upon information and belief there is no notice attributing authorship or ownership in the Cool Cat video to Schmidt by *The Daily Show*.

37.    On May 26, 2009, a work derivative of the Cool Cat video was shown on the television show *The Colbert Report* to "play" Colbert offstage after he fell in front of a live studio audience. On the show, the band Green Day acts out the Cool Cat video as the lead singer's hands are moved by his band members to make it appear as if he is playing a keyboard. The clip is titled "The Colbert Report:

41

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925

Exclusive – Play Him Off, Keyboard Cat."  Annexed hereto as <u>Exhibit J</u>, is a true and correct copy of the webpage where this video can be viewed.

38.    In May 2009, Totally Sketch, a maker of comedic videos, published a video on YouTube titled "Keyboard Cat: True Internet Story."  This video provides a "faux" biographical history of the keyboard cat.  The term "Keyboard Cat" is displayed in this video.  The Cool Cat excerpt is displayed in this video.  There is no notice attributing authorship, copyright ownership, or trademark ownership to Schmidt in this video.

39.    On or around June 4, 2009 Kato Kaelin created a video titled "Keyboard Kato" for an episode of the television series titled "Tosh," which airs on the television station Comedy Central.  The term "Kato Kaelin Keyboard Cat" is displayed in connection with this video.  There is no notice attributing authorship, copyright ownership, or trademark ownership to Schmidt in this video.  Annexed hereto as <u>Exhibit K</u> is a true and correct copy of the webpage that displays this video.

42

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

40.    In or around June or July 2009, an individual artist named Jude Buffum created a video titled "Play Mario Off, Keyboard Cat," which depicts the keyboard cat as an "8-bit figure."  The organ music heard in the Cool Cat video was re-composed for Buffum's video as an 8-bit tune by micromusician Doctor Octoroc.  The video is displayed on YouTube and on the website Game Set Watch. The term "Keyboard Cat" is displayed in connection with this video.  The artist also created a tee-shirt, which is currently offered for sale.  *See* Paragraph 60 and Exhibit P below. There is no notice attributing authorship, copyright ownership, or trademark ownership to Schmidt in this video.  Annexed hereto as Exhibit L is a true and correct copy of a webpage that displays this video.

41.    On or around June 1, 2010, mobile videogame maker Gameloft announced its remake of the videogame titled "Earthworm Jim."  The revamped video game features new characters such as "a keyboard-playing cat."  Upon information and belief, Schmidt did not license to Gameloft the right to create works derivative of his Cool Cat video.  Annexed hereto as Exhibit M is a true and correct copy of a webpage discussing this game.

43

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

42.     In or around December 2010, videogame maker Activision Blizzard announced its new videogame "World of Warcraft: Cataclysm."  Artwork for the videogame revealed the game's antagonist, Deathwing, playing a keyboard with the text "Keyboard Cataclysm: Play 'em Off, Deathwing."  Upon information and belief, Schmidt did not license to Gameloft the right to create works derivative of his Cool Cat video.  Upon information and belief, there is no notice attributing authorship, copyright ownership, or trademark ownership to Schmidt on this artwork or in the videogame.  Annexed hereto as Exhibit N is a true and correct copy of the artwork that is displayed on the World of Warcraft website.

### Schmidt's Actions Demonstrate His Intent To Relinquish Copyright In The Cool Cat Video To The Public Domain

43.     Upon information and belief, Schmidt operates a website located at http://playhimoffkeyboardcat.com (the "Schmidt Website").

44.     On the Schmidt Website, Schmidt invites people to submit "any videos or links featuring Keyboard Cat to the OFFICIAL home of Keyboard Cat!  If Keyboard Cat likes it, your video will be added to the blog!"  Annexed hereto as Exhibit O is a true and correct copy of webpages from the Schmidt Website.

44

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

45.     On the Schmidt Website, Schmidt does not pose any restrictions on who can access or use the Cool Cat video.

46.     On the Schmidt Website, Schmidt encourages third parties to copy, display, and/or distribute the Cool Cat video.

47.     On the Schmidt Website, Schmidt requires users who submit videos that include the Cool Cat video to accept the "Terms of Submission," which require the users to represent and warrant that the ***user*** "own[s] all rights to the content submitted," as shown below:

## Terms of Submission

1. You have permission to post this.

   You represent and warrant that you own all rights to any content submitted. You will indemnify and hold harmless this site, its parents, subsidiaries, affiliates, customers, vendors, hosts, officers and employees from any liability, damage or cost (including reasonable attorneys. fees and cost) from (i) any claim or demand made by any third party due to or arising out of any content you submit.

2. This site may distribute this post.

   By uploading, submitting or otherwise disclosing or distributing content for display or inclusion on this site, you give this site unlimited license in perpetuity to the content and the information therein.

*See* Terms of Submission from the Schmidt Website in Exhibit O.

45

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

48.     The Terms of Submission on the Schmidt Website further require submitters to give the Schmidt Website an unlimited license to use the content submitted by the user, which necessarily includes the Cool Cat video, or an excerpt thereof.

49.     Nowhere in the "Terms of Submission" of the Schmidt Website does Schmidt claim ownership of any copyright in the Cool Cat video.

50.     Nowhere on the Schmidt Website does Schmidt claim ownership of any copyright in the Cool Cat video.

51.     The Schmidt Website encourages and permits anyone to use the Cool Cat video or a portion thereof without restriction.

52.     The Schmidt Website contains an archive collection of hundreds of videos created by third parties that feature the Cool Cat video and works derivative thereto.  *See* Exhibit O.

53.     Third parties use, copy, display, and/or distribute the Cool Cat video without restriction.

46

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

54.     To the extent Schmidt owned a copyright in the Cool Cat video, Schmidt's agreement that third parties can freely use the Cool Cat video without permission, and his overt public acts of encouraging third parties to copy, display, adapt, and/or distribute the Cool Cat video indicate an intention to abandon that copyright.

55.     Given that Schmidt overtly encourages the public to freely copy and distribute the Cool Cat video and make works derivative thereto, Schmidt abandoned his exclusive right to do the same.

56.     Third party use, copying, display, adaptation, and distribution of the Cool Cat video is so widespread that a search on YouTube for "keyboard cat" yields over 20,000 results.

57.     The YouTube website contains videos that include excerpts of the Cool Cat video that have not been licensed by Schmidt.

58.     The YouTube website contains videos that include and/or constitute works derivative of the Cool Cat video that have not been licensed by Schmidt.

47

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

<u>The Term "Keyboard Cat" Is Widely Used By Third Parties Without License or Control by Schmidt</u>

59.    After the initial adoption and use by O'Farrell, the phrase "Play Him Off Keyboard Cat" was adopted and used by third parties copying the Cool Cat excerpt and/or the Cool Cat video.

60.    Third parties manufacture and sell products, including apparel, that are identified by or include the term "Keyboard Cat" and/or display depictions of the Cool Cat video, examples of which are shown below and annexed hereto as <u>Exhibit P</u>.




48

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

61.    Upon information and belief, Schmidt has not licensed the use of the term "Keyboard Cat" in connection with the products depicted directly above.

62.    Upon information and belief, Schmidt has not licensed the use of the term "Keyboard Cat" in connection with the products depicted in Exhibit P.

63.    In or around July 2009, Meltdown Comics in Los Angeles, California hosted "The Great American Keyboard Cat Competition."  Upon information and belief, over 100 artists submitted keyboard cat-themed artwork in the competition. The winning work of art is pictured below:



49

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

64.     Upon information and belief, Schmidt did not license the use of the term "Keyboard Cat" for use in connection with "The Great American Keyboard Cat Competition," nor did Schmidt license the right to create works derivative of the Cool Cat video to the artists the submitted works in the competition.

<u>The Term "Keyboard Cat" Is Used By Third Parties To Describe Products That Feature A Keyboard-And A Cat</u>

65.     Third parties unrelated to Schmidt use the words "Keyboard Cat" to describe products, including apparel, that feature a cat and a keyboard, examples of which are shown below and annexed hereto as <u>Exhibit Q</u>.





50

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

66.     Upon information and belief, Schmidt has not licensed the use of the term "keyboard cat" in connection with any of the apparel depicted directly above.

67.     Upon information and belief, Schmidt has not licensed the use of the term "keyboard cat" in connection with any of the apparel depicted in <u>Exhibit Q</u>.

68.     The term "Keyboard Cat" is part of common parlance.  The term is defined in the Urban Dictionary as an "[a]n awesome cat with the ability to play the keyboard.  Often put at the end of a video of someone failing at something and getting hurt; with the title "play him/her off, keyboard cat."  Annexed hereto as <u>Exhibit R</u> is a true and correct copy of the definition of "Keyboard Cat" from www.urbandictionary.com.

<u>skinnyCorp's "Three Keyboard Cat Moon" Design</u>

69.     On or around July 16, 2009 two individual designers referred to as "Oxen" submitted a design titled "Three Keyboard Cat Moon" to threadless.com, an Internet retail website owned and operated by skinnyCorp.

70.     Threadless.com is a user participation-based website where individuals submit designs that are reviewed and scored by the threadless.com

51

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

community.  Highly rated designs may be selected by skinnyCorp for sale as a "Threadless tee" via threadless.com.

71.    The "Three Keyboard Cat Moon" design is a tribute to two well-known Internet fads:  the "Play Him Off, Keyboard Cat" video first created by O'Farrell as a mashup incorporating Schmidt's Cool Cat video, and the "Three Wolf Moon" tee-shirt design that depicts three wolves howling at the moon, which is sold via Amazon.com and became popular as a result of a customer's comedic written review of the tee-shirt.  The "Three Wolf Moon" tee-shirt is shown on the left, and the "Three Keyboard Cat Moon" tee-shirt sold by skinnyCorp is shown on the right:



52

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

72.    The "Three Keyboard Cat Moon" design is a parody.

73.    The "Three Keyboard Cat Moon" design has been recognized as a parody by O'Farrell and by the public.  *See* <u>Exhibit A</u> and a true and correct copy of an article from Urlesque.com annexed hereto as <u>Exhibit S</u>.

74.    The "Three Keyboard Cat Moon" design is a parodic "mashup" that comments on the Cool Cat video and the "Three Wolf Moon" tee-shirt design by juxtaposing the opposing concepts underlying these two viral, popular Internet fads:  Schmidt's manipulation of a cat to make it appear as if the animal is engaging in a human activity and its resulting comedic effect, and the seriousness of three wolves howling at the moon and behaving as animals naturally do.

75.    Oxen's submission of the "Three Keyboard Cat Moon" design was described by threadless.com community members as a "tribute" and "homage" to the Cool Cat video and the "Three Wolf Moon" tee-shirt design.

76.    skinnyCorp commenced sale of the "Three Keyboard Cat Moon"  tee-shirt on July 21, 2009 and commenced sale of an iPhone case featuring the "Three Keyboard Cat Moon" design on May 16, 2011.

53

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

77. The "Three Keyboard Cat Moon" tee-shirt is no longer sold by skinnyCorp.

### Schmidt Improperly Obtains Federal Registrations Despite His Lack Of Intellectual Property Rights In The Cool Cat Video And Alleged "Keyboard Cat" Mark

78. Well after Schmidt's agreement that anyone could use the Cool Cat video without his permission, the proliferation of third party copying of the Cool Cat video, and skinnyCorp's sale of products displaying the "Three Keyboard Cat Moon" design, Schmidt filed an application to register the copyright in the Cool Cat video with the United States Copyright Office on September 22, 2010.

79. On September 22, 2010, Schmidt had already abandoned his copyright in the Cool Cat video.

80. Well after O'Farrell's adoption and use of the phrase "Play Him Off, Keyboard Cat," and the proliferation of third party use of the term "Keyboard Cat" in connection with videos and other goods and services, Schmidt filed an application with the United States Patent and Trademark Office to register the term "Keyboard Cat" as a trademark on August 19, 2010.

54

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

81.    On August 19, 2010, Schmidt did not own exclusive trademark rights in the alleged mark "Keyboard Cat."

82.    On August, 19, 2010, Schmidt was not the exclusive user of the term "Keyboard Cat."

83.    On August 19, 2010, Schmidt knew that he was not the only person who had the right to use the term "Keyboard Cat."

84.    On August 19, 2010, when filing his federal trademark application to register the term "Keyboard Cat" as a trademark with the United States Patent and Trademark Office, Schmidt signed the following Declaration:

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be

55

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

true.

(Emphasis added; hereinafter, the "Declaration.") A true and correct copy of Schmidt's trademark application, which includes this Declaration, is annexed hereto as Exhibit T.

85.    Schmidt made false material representations of fact to the United States Patent and Trademark Office in connection with his application for the asserted registration of "Keyboard Cat," which he knew to be false and/or misleading.

86.    When Schmidt executed the Declaration, on August 19, 2010, Schmidt knew of O'Farrell's prior adoption and use of the term "Keyboard Cat" in commerce.

87.    When Schmidt executed the Declaration, on August 19, 2010, Schmidt knew that third parties were using the term "Keyboard Cat" in commerce. Schmidt's awareness of such uses, and his acquiescence to the same, is evident from the Schmidt Website, a portion of which is an archive maintained by Schmidt of keyboard cat-related works, including uses of the term "Keyboard Cat" that

56

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

commenced as early as April 2009 – over one year prior to Schmidt's execution of the Declaration. *See* Exhibit O.

88.   Further evidence showing Schmidt's knowledge of third party use of the alleged mark "Keyboard Cat" is likely to be obtained after a reasonable opportunity for discovery or investigation.

89.   Schmidt's execution of the Declaration was made with reckless disregard of its true or falsity.

90.   Alleged herein are sufficient facts from which the Court may reasonably infer that Schmidt acted with an intent to deceive the United States Patent and Trademark Office.

91.   Schmidt committed fraud during the prosecution of his application for the asserted registration by attesting that "no other person, firm, corporation, or association has the right to use the above identified mark in commerce" when, at the time he signed the Declaration, Schmidt knew that the statement was false inasmuch as Schmidt knew at the time he filed his Declaration that others were using the term "Keyboard Cat" in commerce.

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

92.     In filing his federal trademark application for the term "Keyboard Cat," Schmidt declared that he was using the alleged "Keyboard Cat" mark on all of the goods and services identified in the application, and that such use began at least as early as 1986.

93.     Upon and information belief, as of the filing date of his federal trademark application for the term "Keyboard Cat," Schmidt was not using the alleged "Keyboard Cat" mark on all of the goods identified in the application.

94.     Upon and information belief, as of the filing date of his federal trademark application for the term "Keyboard Cat," Schmidt was not using the alleged "Keyboard Cat" mark on belts, which are identified in his trademark application.

95.     Upon and information belief, upon the filing of his federal trademark application for the term "Keyboard Cat," Schmidt falsely represented to the United States Patent and Trademark Office that he was using the term "Keyboard Cat" as a trademark in interstate commerce in connection with all the goods and services identified in the application when that was not the case.

58

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

96.     The federal trademark application filed by Schmidt with the United

States Patent and Trademark Office on August 19, 2010, to register the alleged

mark "Keyboard Cat" matured to a federal trademark registration on April 26,

2011 under Registration No. 3,950,558 and has been asserted in this action against

skinnyCorp (the "Asserted Trademark Registration").

## SKINNYCORP'S CLAIMS FOR RELIEF

### COUNT I
Declaratory Judgment That Schmidt's Alleged "Keyboard Cat" Mark Is Not A
Valid, Protectable, Or Registerable Trademark Or Service Mark

*Schmidt Abandoned Any Rights He May Have Had In The*
*Alleged "Keyboard Cat" Mark*

97.     skinnyCorp incorporates and realleges the allegations contained in

paragraphs 1- 96 of its Counterclaims as though fully set forth herein.

98.     The term "Keyboard Cat" is in widespread use by third parties.

99.     Schmidt does not use the term "Keyboard Cat" exclusively in

interstate commerce.

100.    The term "Keyboard Cat" is commonly used by third parties and by

Schmidt to describe a "blooper" video that has appended to it, the Cool Cat

59

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

excerpt.  Such videos have become viral on the Internet and are commonly titled "Play Him Off, Keyboard Cat."  Schmidt does not license the use of the term "Keyboard Cat" in connection with all such videos.

101.   Schmidt does not license the use of the term "Keyboard Cat" in connection with all goods and services offered by third parties under or in connection with such term.

102.   Schmidt does not control the quality of the goods and services offered by all third parties under or in connection with the term "Keyboard Cat."

103.   Schmidt allows and encourages uncontrolled, widespread, third party use of the term "Keyboard Cat."  As a result, Schmidt has abandoned any trademark rights in the term "Keyboard Cat," to the extent he ever owned any trademark rights in the term "Keyboard Cat."

### *Schmidt's Alleged "Keyboard Cat" Mark Is Merely Descriptive*

104.   The alleged mark "Keyboard Cat" is generic for, or at best merely describes, products and services sold under and rendered in connection with an image of  a cat playing a keyboard.

60

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

105.    The generic or descriptive term "Keyboard Cat" does not identify a single source of goods and services.

106.    There is no mental association between the words "Keyboard Cat" and Schmidt.

107.    The alleged mark "Keyboard Cat" has not acquired distinctiveness or secondary meaning as to Schmidt.

108.    The alleged mark "Keyboard Cat" is not protectable or a registrable trademark or service mark.

109.    skinnyCorp is damaged by Schmidt's claim of exclusive rights in the words "keyboard cat."

110.    Schmidt does not have any legitimate trademark rights in the alleged mark "Keyboard Cat."  By virtue of the commencement of this action by Schmidt, a controversy exists between the parties to this action that warrants the Court to declare whether Schmidt owns the trademark right he alleges.

61

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

## COUNT II
### Declaratory Judgment That Schmidt Committed Fraud On The United States Patent And Trademark Office

111.    skinnyCorp incorporates and realleges the allegations contained in paragraphs 1- 110 of its Counterclaims as though fully set forth herein.

112.    Schmidt made false material representations of fact to the United States Patent and Trademark Office in connection with his application for the Asserted Trademark Registration, which he knew to be false and/or misleading.

113.    When Schmidt executed the Declaration, on August 19, 2010, Schmidt knew of O'Farrell's prior use of the term "Keyboard Cat" in commerce, and of third-party uses of the term in commerce.

114.    Schmidt committed fraud during the prosecution of his application for the Asserted Trademark Registration by attesting that "no other person, firm, corporation, or association has the right to use the above identified mark in commerce" when, at the time he signed the Declaration, Schmidt knew that the statement was false inasmuch as Schmidt knew at the time he filed his Declaration that others were using the term "Keyboard Cat" in commerce.

62

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

115.   By virtue of the commencement of this action by Schmidt, a controversy exists between the parties to this action that warrants the Court to declare whether Schmidt owns the federal trademark registration he alleges and whether Schmidt committed fraud on the United States Patent and Trademark Office in his procurement of the Asserted Trademark Registration.

### COUNT III
Cancellation Of Schmidt's Asserted Federal Trademark Registration

116.   skinnyCorp incorporates and realleges the allegations contained in paragraphs 1- 115 of its Counterclaims as though fully set forth herein.

### *Schmidt's Alleged "Keyboard Cat" Mark Is Merely Descriptive*

117.   As set forth above, the alleged mark "Keyboard Cat" that is the subject of the Asserted Trademark Registration, is generic, or at best merely descriptive, and therefore not protectable as a trademark inasmuch as the term "Keyboard Cat" describes goods and service that show a keyboard and a cat, and does not exclusively identify Plaintiff as the source of any goods or services.

63

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### *Schmidt Abandoned Any Rights He May Have Had In The Alleged "Keyboard Cat" Mark*

118.   As set forth above, to the extent Plaintiff ever owned trademark rights in the purported "Keyboard Cat" mark that is the subject of the Asserted Trademark Registration, such rights have been abandoned due to uncontrolled widespread third-party use and/or uncontrolled licensing of the term "Keyboard Cat."

### *Schmidt Committed Fraud On The United States Patent & Trademark Office*

119.   As set forth above, Plaintiff acted fraudulently in obtaining the Asserted Trademark Registration by knowingly making a materially false representation to the United States Patent and Trademark Office in the procurement of the Asserted Trademark Registration."

120.   skinnyCorp is damaged by Asserted Trademark Registration because such registration gives color of exclusive statutory rights to Schmidt when in fact Schmidt does not own exclusive rights in the alleged mark "Keyboard Cat."

121.   Given that the term "Keyboard Cat" is not a protectable trademark and that Schmidt acted fraudulently in obtaining the Asserted Trademark

64

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

Registration, Registration No. 3,950,558 should be cancelled pursuant to the

Lanham Act, 15 U.S.C. §§1052(e), 1064(3), and 1119.

### **COUNT IV**
Declaratory Judgment That Schmidt Has Abandoned His Copyright In The
Cool Cat Video

122.   skinnyCorp incorporates and realleges the allegations contained in

paragraphs 1- 121 of its Counterclaims as though fully set forth herein.

123.   Schmidt encourages and permits third party use of the Cool Cat video,

or a portion thereof, without restriction.

124.   Schmidt encourages and permits third party use of the Cool Cat video,

or a portion thereof, without license.

125.   Schmidt intended for third parties to use, copy, display, and/or

distribute the Cool Cat video, or a portion thereof, without restriction.

126.   Schmidt intended for third parties to use, copy, display, and/or

distribute the Cool Cat video, or a portion thereof, without license.

127.   Third parties use, copy, display, and/or distribute the Cool Cat video,

or a portion thereof, without restriction.

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

128.    Third parties use, copy, display, and/or distribute the Cool Cat video, or a portion thereof, without license.

129.    The Cool Cat video is in the public domain.

130.    To the extent Schmidt owned a copyright in the Cool Cat video, Schmidt's agreement that third parties can use the Cool Cat video without permission, and his overt public acts of encouraging third parties to use, copy, display, and/or distribute the Cool Cat video without restriction indicate an intention to abandon that copyright.

131.    Given that Schmidt overtly encourages the public to freely use, copy, display, and/or distribute the Cool Cat video, a portion thereof, and works derivative thereto, Schmidt abandoned his exclusive right to do the same.

132.    Schmidt does not have any legitimate copyright ownership in the alleged Cool Cat video.  By virtue of the commencement of this action by Schmidt, a controversy exists between the parties to this action that warrants the Court to declare whether Schmidt can validly claim copyright ownership in the Cool Cat video.

66

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

skinnyCorp reserves its right to amend its Counterclaims with any further allegations it may discover over the course of this litigation as further information is obtained.

## **PRAYER FOR RELIEF**

WHEREFORE, skinnyCorp requests judgment as follows:

1. A declaration that Schmidt does not own trademark rights in the term "Keyboard Cat;"

2. A declaration that Schmidt committed fraud on the United States Patent and Trademark Office;

3. An order cancelling the Asserted Trademark Registration, Registration No. 3,950,558 for the term "Keyboard Cat;"

4. A declaration that Schmidt abandoned his copyright in the Cool Cat Video;

5. An award to skinnyCorp of its attorneys' fees and costs; and

6. An award to skinnyCorp of such other and further relief as the Court may deem just and equitable.

67

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

1

## JURY DEMAND

skinnyCorp demands trial by jury of all issues so triable in this matter.

68

ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS

Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925

Dated:  August 1, 2011          Respectfully submitted,

                                By:   s/ Michael R. Scott
                                MICHAEL R. SCOTT, WSBA #12822
                                Attorneys for the Defendant
                                Hillis Clark Martin & Peterson P.S.
                                1221 Second Avenue, Suite 500
                                Seattle WA 98101-2925
                                Telephone:  (206) 623-1745
                                Facsimile:  (206) 623-7789
                                Email:  mrs@hcmp.com

                                JOEL D. LEVITON (Application to Appear pro hac
                                vice Pending)
                                Fish & Richardson P.C.
                                60 South Sixth Street, Suite 3200
                                Minneapolis, MN 55402
                                Telephone:  (612) 335-5070
                                Facsimile:  (612) 288-9696
                                Email:  leviton@fr.com

                                KRISTEN  MCCALLION (Application to Appear pro
                                hac vice Pending)
                                Fish & Richardson P.C.
                                601 Lexington Avenue, 52nd Floor
                                New York, New York  10022-4611
                                Telephone:  (212) 765-5070
                                Facsimile:  (212) 258-2291
                                Email:  mccallion@fr.com

                                Attorneys for Defendant
                                skinnyCorp, LLC

                                      69
ANSWER TO AMENDED COMPLAINT AND              Hillis Clark Martin & Peterson P.S.
COUNTERCLAIMS                                   1221 Second Avenue, Suite 500
                                                Seattle, Washington  98101-2925

1
2

## **CERTIFICATE OF SERVICE**

3
4

I hereby certify that on the 1st day of August, 2011, I electronically filed the

5

foregoing with the Clerk of the Court using the CM/ECF system which will send

6

notification of such filing to the following:

7
8
9   Caitlin A. Bellum, Esq.              cab@hllaw.com
    Katherine Hendricks, Esq.           kh@hllaw.com,zed@hllaw.com
10  Hendricks & Lewis, PLLC
    901 Fifth Avenue, Suite 4100
11  Seattle, WAS 98164
    (206) 583-2716
12
13      DATED this 1st day of August, 2011 at Seattle, Washington.

14                              By    s/ Michael R. Scott
15                                    Michael R. Scott, WSBA #12822
16                                    Hillis Clark Martin & Peterson P.S.
                                      1221 Second Avenue, Suite 500
17                                    Seattle WA 98101-2925
                                      Telephone:  (206) 623-1745
18                                    Facsimile:  (206) 623-7789
19                                    Email:  mrs@hcmp.com
20
21
22
23                                   70
    ANSWER TO AMENDED COMPLAINT AND        Hillis Clark Martin & Peterson P.S.
24  COUNTERCLAIMS                              1221 Second Avenue, Suite 500
                                               Seattle, Washington  98101-2925
25
26
27
28